JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GEORGE VIGIL

## DEFENDANTS
JOSEPH AQUINO and RIO ARRIBA SHERIFF'S OFFICE

**(b)** County of Residence of First Listed Plaintiff    Rio Arriba
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Rio Arriba
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard A. Sandoval, Sandoval Firm, 1442-D S. St. Francis Drive, Santa Fe, NM 87505 (505) 795-7790

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
False arrest, excessive force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
07/22/2020

SIGNATURE OF ATTORNEY OF RECORD
*[signature]* , Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

GEORGE VIGIL,

      Plaintiff,

vs.                                    Case No.

JOSEPH AQUINO and
RIO ARRIBA SHERIFF'S OFFICE,

      Defendants.

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS, NEGLIGENCE**
**AND PUNITIVE DAMAGES**
**IN VIOLATION OF FEDERAL AND STATE LAW**

COMES NOW the Plaintiff, GEORGE VIGIL, by and through his attorneys of record, SANDOVAL FIRM (Richard A. Sandoval) and hereby brings this Complaint under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the New Mexico and United States Constitutions, the New Mexico Tort Claims Act. As grounds, Plaintiff states:

1.      This Court has jurisdiction over the subject matter of Plaintiff's Complaint under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, the United States Constitution Fourth Amendment, the New Mexico Tort Claims Act, N.M.Stat. Ann. § 41-4-1, et seq., and Article II, § 10, of the New Mexico Constitution, the law of negligence under New Mexico law.

2.      The actions complained of in this Complaint occurred within the State of New Mexico and therefore venue is proper in this judicial district.

3.      The state law actions complained of occurred within two years of the date of filing of this lawsuit, on or about March 2, 2019.

## PARTIES

4.    The Plaintiff is a resident of San Juan, Rio Arriba County, New Mexico.

5.    Upon information and belief, defendant Joseph Aquino is a resident of Espanola, New Mexico.

**6.**    Joseph Aquino was at all relevant times a deputy with the Rio Arriba County Sheriff's office.

7.    Defendants Rio Arriba Sheriff's Office are entities of the State of New Mexico.

8.    All Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

## FACTS COMMON TO ALL COUNTS

9.    Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.

10.    On or about, March 2, 2019, Plaintiff was an employee of the Family Dollar located in Chimayo, New Mexico and was in his lawful place of business.

11.    Plaintiff was observing Deputy Aquino from inside his workplace.

12.    Deputy Aquino had no reasonable suspicion to believe that Plaintiff had committed any criminal offense.

13.    Deputy Aquino entered Plaintiff's workplace and approached him in an aggressive manner and struck Plaintiff on his back.

14.    This battery against Plaintiff was not intended to search for weapons.

15.    Deputy Aquino assaulted, battered and falsely imprisoned Plaintiff until he was released from custody a few hours later.

16.    Deputy Aquino was recently indicted by the Santa Fe District Attorney's office regarding this matter.

17.     Deputy Aquino admitted in writing that his conduct was in violation of law for the purpose of participating in a pre-trial diversion program.

## COUNT I
## EXCESSIVE FORCE
## (JOSEPH AQUINO)

18.     Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.

19.     In violation of 42 U.S.C. §1983, Defendant deprived Plaintiff of his civil rights by using excessive force.

20.     Plaintiff's injuries were proximately caused by the excessive force of Defendant Aquino.

21.     That the Defendants are liable to Plaintiff for such damages and injuries as well as the Constitutional deprivation suffered by Plaintiff.

22.     As a result of the Constitutional deprivations suffered by Plaintiff at the hands of the Defendants, Plaintiff is entitled to damages in an amount not presently determinable, but to be proven at the time of trial.

23.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to an award of attorney's fees for defendant's violation of 42 U.S.C. §1983.

## COUNT II
## STATE LAW TORT CLAIMS (JOSEPH AQUINO)

24.     Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.

25.     Defendant Aquino intentionally and negligently caused the battery, assault, false arrest, false imprisonment and deprivation of Federal and State constitutional rights of Plainitff.

26.     Defendant Aquino was acting within the scope of his duties as law enforcement

defendants when he committed these torts against Plaintiff.

27.     Defendant Aquino had no reasonable suspicion to believe that Plaintiff had committed any criminal offense.

28.      The tortious actions of Defendant Aquino proximately caused Plaintiff's damages and injuries.

**COUNT III**
**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION (RIO ARRIBA COUNTY SHERIFF'S OFFICE)**

29.     Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.

30.     The Defendant Rio Arriba County Sheriff's Office has a duty to properly supervise, educate and train its police officers and law enforcement employees relating to handling a crisis management situation and the proper use of force in a crisis management situation.

31.     The Defendant Rio Arriba County Sheriff's Office has failed to properly supervise, educate and train it's police officers and law enforcement employees relating to handling a crisis management situation and the proper use of force in a crisis management situation.

32.     The County's failure to properly train and supervise its police officers and law enforcement employees in such a manner as alleged above directly caused the injuries to Plaintiff.

33.     The Defendant Rio Arriba County Sheriff's Office is liable for damages caused by the negligence of its employees while working within the scope of their employment, an amount not presently determinable, but to be proven at the time of trial.

34.     The Defendant Rio Arriba County Sheriff's Office is liable for the injuries of Plaintiff caused by the negligence of Defendant Aquino.

<u>COUNT IV</u>
**ILLEGAL SEIZURE AND ARREST IN VIOLATION OF THE FOURTH AMENDMENT**
**(JOSEPH AQUINO)**

35. Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.

36. At all times material hereto, Plaintiff had the constitutional right to be free from unlawful seizure, arrest, and detention.

37. Defendant Aquino caused Plaintiff to be seized, arrested and detained without probable cause to believe he had committed a crime and without any other reasonable and legal ground for an arrest.

38. Plaintiff's seizure, arrest and incarceration was without a justifiable basis and was objectively unreasonable, intentional, willful, wanton, and in gross and reckless disregard of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

39. The unlawful seizure, arrest and incarceration of Plaintiff proximately caused his damages.

40. Defendant Aquino failed to exercise his duty to ensure Plaintiff's right to be free from illegal seizure, arrest, and detention was not violated and his actions were not objectively reasonable.

41. Defendant Aquino's actions were intentional, willful, wanton and in gross and reckless disregard of Plaintiff's rights under the federal constitution.

<u>COUNT V</u>
**UNOFFICIAL POLICY CUSTOM AND/OR PRACTICE IN VIOLATION OF 42**
**U.S.C. § 1983 (RIO ARRIBA COUNTY SHERIFF'S OFFICE)**

42. Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.

43.     Defendant Rio Arriba County Sheriff's Office's official and unofficial policies and customs encouraged, caused, allowed, and or enabled Defendant Aquino to violate Plaintiff's constitutional and state rights without fear of discipline for those violations.

44.     Failure to properly investigate and discipline officers who are accused of unlawful conduct caused Plaintiff's constitutional rights to be violated.

45.     There is an obvious need for Rio Arriba County Sheriff's office to train all its employees on First and Fourth Amendment rights.   Defendant Rio Arriba County Sheriff's Office has demonstrated a policy of deliberate indifference to such civil rights violations.

46.     Defendant Rio Arriba County Sheriff's Office's callous, reckless, wanton, and malicious actions under color of state law before, during and after this loss, has caused Plaintiff to suffer and continue to suffer the damages Plaintiff has described.

## COUNT VI
## PUNITIVE DAMAGES
## (ALL DEFENDANTS)

47.     Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.

48.     The acts and omissions complained of in the Causes of Action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights of Plaintiff, that in addition to actual damages ascertained and demonstrated by a preponderance of the evidence, that punitive damages or exemplary damages to punish and deter this type of act from occurring in the future may well be appropriate.

## JURY DEMAND

49.     Plaintiff demands a jury trial of all issues so triable and requests that an advisory jury be empaneled, should the court deem it appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that he be granted the following relief pursuant to his complaint:

A.      Award Plaintiff compensatory damages, in an amount to be proven at trial;

B.      Award Plaintiff special damages, in an amount to be proven at trial;

C.      Award Plaintiff punitive damages in an amount to be proven at trial;

D.      Award Plaintiff pre- and post-judgment interest, as allowed by law;

E.      Award Plaintiff his costs and reasonable attorneys' fees incurred in prosecuting this action;

F.      Set this matter for trial by jury; and

G.      Grant such other and further relief as the court deems just and proper.

Respectfully submitted,

SANDOVAL FIRM

*/s/ Richard A. Sandoval*
Richard A. Sandoval
1442-D South Saint Francis Dr.
Santa Fe, NM 87505
(505) 795-7790
rick@sandovalfirm.com