# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**GEORGE VIGIL,**

    **Plaintiff *Pro Se*,**

    **vs.**                                                                                      **Civ. No. 20-740 KG/JFR**

**JOSEPH AQUINO and**
**RIO ARRIBA SHERIFF'S OFFICE,**

    **Defendant.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. The Joint Status Report ("JSR") in this case was due on November 2, 2020. Doc. 10. On that date, Defendant Rio Arriba Sheriff's Office ("Rio Arriba") filed a version of the JSR that it sent to Plaintiff for his completion on October 28, 2020. *See* Doc. 16. The *Pro se* Plaintiff did not respond to Defendant's request for Mr. Vigil to complete his portions of the JSR in anticipation of the upcoming Rule 16 Scheduling Conference on November 12, 2020. Plaintiff has also failed to file a motion for extension of time or any other pleading or correspondence with the Court regarding the JSR and/or scheduling deadlines in this case. Defendant Rio Arriba also states that Plaintiff has not served his complaint upon Defendant Joseph Aquino, and the record supports that conclusion. Therefore, Defendant Joseph Aquino has also not participated in the JSR. Plaintiff retained counsel when this case was filed, but that attorney recently withdrew with Plaintiff's consent and the Court's approval. Doc. 14.

"Although *pro se* litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants." *Creative Gifts, Inc. v. UFO,* 235 F.3d 540, 549 (10th Cir. 2000); *see, e.g., Ogden v. San Juan County,* 32

F.3d 452, 455 (10th Cir. 1994) ("*[P]ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) ("This court has repeatedly insisted that *pro se* parties 'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992)). Having not received Plaintiff's JSR, the Court hereby directs Plaintiff to notify the Court of his intent to proceed with this case no later than Friday, November 6, 2020. Plaintiff shall also complete and file an amended JSR by the same date, including a statement regarding his intent to proceed against and serve Defendant Joseph Aquino with a summons and the complaint.

The Court has discretionary authority under Federal Rule of Civil Procedure 16(f) to sanction a party or attorney for failing to comply with a scheduling order. Fed. R. Civ. P. 16(f)(1)(A), (C).

> [T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that [lawyers and parties] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.

*Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996) (quoting *In Matter of Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984)). Plaintiff shall file the JSR and written response to this Show Cause Order or risk sanctions against him, including the dismissal of his case for failure to prosecute.

**IT IS THEREFORE ORDERED** that Plaintiff shall show cause, in a written response by **the close of business Friday, November 6, 2020**, as to why he should not be sanctioned for noncompliance with the Court's Initial Scheduling Order, and he shall cause a completed JSR to be filed in this case so the Rule 16 hearing may proceed as scheduled on November 12, 2020.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**